478

## Leichner Estate

*Gerald A. Gleeson*, for accountants.

KLEIN, P. J., May 1, 1952.—Jacob P. Leichner died on February 18, 1951, unmarried, his wife having predeceased him, leaving to survive him nine children, and leaving a will, which was admitted to probate on February 27, 1951, when letters testamentary were granted. . . .

The statement of proposed distribution lists as of no value to the estate the following mortgages, which have also been carried in the inventory and account as of no value: $2,200, 2442 N. Alder St., JMH 5836, p. 70, AMB 1173, p. 135; $2,200, 2444 N. Alder St., JMH 5836, p. 82, AMB 1173, p. 135 (erroneously set forth on page 2 of account as 2442 N. Alder St.) ; $2,200, 2446 N. Alder St., JMH 5836, p. 86, AMB 1173, p. 135; $1,800, 1524 N. Alder St., JMH 4505, p. 178; $1,800, 1526 N. Alder St., JMH 4415, p. 440; $2,000, 2040 N. Warnock St., JMH 3453, p. 526; and $2,000, 2038 N. Warnock St., JMH 3453, p. 529, AMB 1173, p. 135.

The accountants requested the auditing judge to grant leave to them to renounce their right to administer the assets in accordance with provisions of section 502 of the Fiduciaries Act of April 18, 1949.

P. L. 512. This is the first case of this nature submitted to the auditing judge under this provision of the act. A careful study has therefore been made of the character of assets involved and of the accountants' proposal to abandon them. On the record, as submitted to the auditing judge, this would clearly appear to be an appropriate case for the application of the act.

Appraisals of all of the mortgages in question by Bernard J. Arndt, a reputable real estate broker, showing the state of delinquency of real estate taxes and water rents, etc., on the real estate upon which these mortgages are secured, were submitted to the auditing judge. From these appraisals it clearly appears that these mortgages are worthless and that continued retention and administration thereof by the accountants would result in a drain upon the other assets of the estate.

It further appears from Mr. Gleeson's letter of April 30, 1952, annexed hereto, that a diligent inquiry has been made with respect to the possibility of recovering from the mortgagors of the properties covered by mortgages sought to be abandoned. With respect to the mortgages on premises 1524 and 1526 N. Alder Street, Mr. Gleeson states that the mortgagor was Abraham Mednick, who, he states, was discharged in bankruptcy on November 14, 1939, in the United States District Court for the Eastern District of Pennsylvania, in bankruptcy cause no. 21050, and that the mortgages in question were listed in the bankruptcy proceedings. The mortgagor with respect to premises 2442-46 N. Alder Street and 2038-40 N. Warnock Street is stated to have been one Charles Lowber. As to him a diligent search, both as to his whereabouts and assets, if any, has been unsuccessful. It would therefore appear that the accountants, or their attorney, have done everything possible to attempt to recover on the personal

obligations of the mortgagors in connection with the assets sought to be abandoned.

Moreover, all parties in interest have, by writings annexed hereto, renounced all their right, title and interest in and to the gift of these mortgages under the will of testator and refused to accept the gift or any interest whatsoever therein. The request of the accountants is accordingly granted and the assets will be stricken from the account, as abandoned, and leave will be granted to the accountants to execute all transfers, assignments, conveyances or satisfactions which may be necessary to give effect to such renunciation or abandonment. . . .

| | |
|---|---:|
| The balance of principal, personal estate, is | $29,153.41 |
| add balance of proceeds of sales of real estate, | 23,211.43 |
| making | $52,364.84 |
| deduct "credits, principal personal and real estate", as set forth on pages 8 and 9 of the account, aggregating | 6,695.24 |
| leaving | $45,669.60 |

from which the accountants are authorized to strike out of their account, renounce and abandon the mortgages, carried on page 2 of the account, as of no value, and as hereinbefore recited. . . .

Leave is granted to the accountants to execute all transfers, assignments, conveyances or satisfactions necessary to effect distribution in accordance with this adjudication, or to give effect to the authorization herein contained to renounce or abandon assets as hereinbefore stated. . . .

And now, May 1, 1952, the account is confirmed nisi.